# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

ADAMA CARPENTER, a/k/a KO,
  *Defendant-Appellant.*

No. 01-4890

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-01-14)

Submitted: August 15, 2002

Decided: August 21, 2002

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas W. Kupec, MICHAEL & KUPEC, Clarksburg, West Virginia, for Appellant. Zelda Elizabeth Wesley, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Adama Carpenter pled guilty in a written plea agreement to aiding and abetting the possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) (2000), and 18 U.S.C. § 2 (2000). Carpenter received a 121-month prison term. Carpenter's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but asserts the district court erred in using Carpenter's juvenile convictions to calculate his criminal history category. Carpenter has also filed a supplemental pro se brief raising the same issue and two additional issues: (1) the drug quantity attributable to him at sentencing was unreliable; and (2) the district court erred in applying the upward adjustment under the guidelines for possession of a firearm in relation to a drug trafficking offense. We dismiss the appeal based upon Carpenter's waiver of appellate rights contained in his plea agreement.

A defendant whose plea agreement contains an express waiver of the right to appeal may not appeal his sentence unless the waiver is shown to be unknowing or involuntary. *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000); *see also United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). Carpenter's plea agreement contained a waiver of appellate rights. Our review of the plea agreement and the record of the plea colloquy reveal that Carpenter's waiver was knowing and voluntary. The sentence did not exceed the statutory maximum penalty, and there is no evidence that it was based on a constitutionally impermissible factor. *Marin*, 961 F.2d at 496. Moreover, the sentence was not imposed pursuant to proceedings conducted in violation of Carpenter's right to counsel. *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994). We therefore dismiss his appeal.

As required by *Anders*, we have reviewed the record and conclude that there are no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a peti-

tion would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*